UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM RILEY,<br><br>    Plaintiff,<br><br>v.<br><br>MARK P. TARANTINO, J.S.C., et al.,<br><br>    Defendants. | Civil Action<br>No. 20-18864 (CPO) (MJS)<br><br>OPINION |

O'HEARN, United States District Judge:

Plaintiff is a state pretrial detainee, and he is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss with prejudice Plaintiff's claims against Judge Tarantino that seek monetary damages and dismiss without prejudice Plaintiff's malicious prosecution claim and requests for release. The Court will stay the remainder of Complaint until after the conclusion of Plaintiff's criminal case.

## I.    BACKGROUND[1]

This case arises from Plaintiff's underlying criminal case. Plaintiff names the Honorable Mark P. Tarantino, J.S.C., and Patrolman B. Caruso, Jr., as Defendants in this matter. (ECF No. 1, at 4.) The Complaint contains very few factual details, but Plaintiff appears to allege that on February 5, 2020, Defendant Caruso arrested him without probable cause. (*Id*. at 5.) Plaintiff then alleges that this led to his false imprisonment for at least 300 days, and Plaintiff still appears to be in detention. (*Id*. at 5–6.)

For unspecified reasons, Plaintiff contends that Judge Tarantino was "bias[ed] and unjust." (*Id*. at 5.) Plaintiff appears to argue that Judge Tarantino should have granted him bail, and that

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

the failure to do so was an "egregious act[], Defiance of the Law, Abuse of Power and Discretion, and Disrespect," that lead to Plaintiff's false imprisonment. (ECF No. 1-1, at 2.)  Plaintiff also seems to allege that Judge Tarantino "use[d] language that violates Constitutional Rights," that made Plaintiff "Guilty Until Proven Innocent," at the bail hearing. (*Id*.)  Plaintiff offers no further details.

In December of 2020, Plaintiff filed the instant Complaint, alleging that Defendants violated his rights under the Fourth Amendment.  In terms of relief, Plaintiff seeks monetary compensation and his release pending trial.  (ECF No. 1, at 6.)

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity," and in actions where the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege

2

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

#### A. Judicial Immunity

First, Plaintiff appears to sue Judge Tarantino based on his decision to deny bail and detain the Plaintiff. (ECF No. 1-1, at 2.) Plaintiff also takes issue with Judge Tarantino's unspecified comments at Plaintiff's bail hearing. (*Id.*) For these actions, Plaintiff seeks an unknown sum of monetary damages.

Judges, however, are generally "immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). The doctrine of judicial immunity stems from "the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000).

"When a judge has acted in his or her judicial capacity, as opposed to an executive or administrative capacity, he or she is entitled to absolute judicial immunity from damage claims even when his or her action was erroneous, done maliciously, or exceeded his or her authority." *Richardson v. Wilkinsburg Police Dep't*, No. 16-0129, 2016 WL 4141084, at *4 (W.D. Pa. Aug. 4, 2016) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Unlike judicial acts, however, judges are not entitled to judicial immunity for mere "administrative acts." *Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 769–70 (3d Cir. 2000); *see also Forrester v. White*, 484 U.S. 219, 229 (1988) (holding that a judge was acting in an administrative capacity, rather than his judicial capacity, in terminating a subordinate court employee).

With those principles in mind, Judge Tarantino's decision to deny bail and the conducting of a bail hearing were judicial in nature, rather than administrative. *Sheffer v. Ctr. Cty.*, 818 F. App'x 160, 162 (3d Cir. 2020) ("To the extent that Sheffer seeks to overcome the immunity bar by asserting that the Judicial Defendants acted in an 'administrative or enforcement capacity' . . . bail-related decisions of which Sheffer complained were judicial—not legislative or administrative—actions."). In denying bail, Judge Tarantino addressed and adjudicated a legal issue before him, *i.e.*, whether Plaintiff was entitled to bail. Similarly, conducting a bail hearing is a judicial act.

Judge Tarantino is entitled to judicial immunity for such acts, even if his actions and decisions at the hearing were "in error, [were] done maliciously, or [were] in excess of his authority." *Id*. (quoting *Stump*, 435 U.S. at 356) (addressing a challenge to a judge's bail

4

decisions). Accordingly, because the acts in question are plainly judicial, Judge Tarantino is entitled to absolute immunity from Plaintiff's claims that seek monetary damages.[2]

### B. Remaining Federal Claims

Turning then to Plaintiff's remaining federal claims, to succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1255–56 (3d. Cir. 1994). Here, Plaintiff appears to assert that Defendant Caruso conducted an unreasonable search and seizure and falsely imprisoned him in violation of the Fourth Amendment. (ECF No. 1, at 4–5.)

In *Heck v. Humphrey*, however, the Supreme Court limited a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff has received a conviction on charges directly related to the § 1983 claim. 512 U.S. 477 (1994). In particular, *Heck* restricts a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486.

In order to recover damages in such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Consequently, when a prisoner seeks damages in a civil suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

---

[2] To the extent that Plaintiff seeks his release pending trial or his immediate release, the Court will address those claims in Section D.

5

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), "the Supreme Court clarified that *Heck* does not apply to anticipated future convictions." *Jarvis v. Gliottone*, No. 14-7766, 2017 WL 5457986, at *5 n.7 (D.N.J. Nov. 14, 2017); *see also, e.g.*, *Norman v. N.J. State Parole Bd.*, No. 17-4413, 2018 WL 2411609, at *4 (D.N.J. May 29, 2018); *Allen v. New Jersey State Police*, No. 16-1660, 2017 WL 899914, at *5 (D.N.J. Mar. 7, 2017). The Supreme Court recognized, however, that *Heck* may eventually bar these claims, "and approved the procedure of staying a § 1983 action while the criminal case is pending." *Jarvis*, 2017 WL 5457986, at *5 (citing *Wallace*, 549 U.S. at 393).

Consequently, in cases where the "plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial)," district courts may, "in accord with common practice, . . . stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.*

With those principles in mind, it appears that Plaintiff has not yet been convicted and his criminal charges remain pending. As a result, this Court must consider whether, under *Wallace*, it is appropriate to stay this matter until after Plaintiff's criminal case has ended. *Id.* Here, assuming *arguendo* that Plaintiff has facts to otherwise support his claims, a judgment in his favor on the remaining claims "would completely erode the basis" for a potential state court conviction

6

and would question the validity of his continued prosecution. *See Robinson v. New Jersey State Police*, No. 11-06070, 2012 WL 5944298, at *2 (D.N.J. Nov. 27, 2012).

For example, whether Defendant Caruso's search and seizure were unconstitutional because they lacked probable cause, is critical to the viability of the pending charges. Similarly, if Plaintiff were falsely imprisoned, it would mean that Defendant Caruso arrested him without probable cause. As a result, Plaintiff's constitutional claims are "related to rulings that will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393.

Accordingly, this Court will exercise its discretion and stay Plaintiff's remaining constitutional claims until his criminal case has ended. *Id*. After the conclusion of his criminal case, Plaintiff may move to reopen this matter, attaching to any such motion, the results of his criminal case.

### C. Malicious Prosecution Claim

Next, the Court construes the Complaint as asserting a state law claim for malicious prosecution against Defendant Caruso. Under New Jersey state law, to state a claim for malicious prosecution, a plaintiff must allege that: "(1) that [a] criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff." *Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 636–37 (D.N.J. 2011) (quoting *Epperson v. Wal-Mart Stores, Inc.*, 862 A.2d 1156, 1160 (N.J. Super. Ct. App. Div. 2004)); *see also McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). Critically, malicious prosecution claims do not accrue until the favorable termination of the plaintiff's prosecution. *See, e.g.*, *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019).

In the present case, Plaintiff has not alleged that his criminal proceedings have ended in his favor, and it appears that such proceedings are still pending before a state court. As a result, his malicious prosecution claim has not yet accrued. Accordingly, the Court will dismiss this claim without prejudice for failure to state a claim.

### D. Habeas Claim

Finally, to the extent Plaintiff seeks his release pending trial or his release through the dismissal of his pending charges, "such remedies are not available in a § 1983 suit." *See, e.g., Slaughter v. Christie*, No. 15-8327, 2016 WL 6804877, at *2 (D.N.J. Nov. 16, 2016). When a person "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, as Plaintiff can only pursue his requests for release through a federal habeas petition, this Court will dismiss that request without prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims seeking monetary relief against Judge Tarantino and will dismiss without prejudice Plaintiff's malicious prosecution claim and requests for release. The Court will stay the remainder of Complaint until after the conclusion of Plaintiff's criminal case. At the conclusion of Plaintiff's criminal proceedings, he may move to reopen this matter, attaching to any such motion the results of his criminal case. An appropriate Order follows.

Dated: January 4, 2022

/s Christine P. O'Hearn
CHRISTINE P. O'HEARN
United States District Judge